UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.                                                    Case No. 3:18cr29/MCR

CHRISTOPHER M. ARGUELLES.
                                              /

# ORDER

This matter is before the Court on Defendant Christopher M. Arguelles's motion to suppress, ECF No. 20, which the Government opposes, ECF No. 23. On review of Arguelles's motion and supporting materials, the Court finds that an evidentiary hearing is unnecessary.[1] Having fully considered the search warrant, the accompanying affidavit, the applicable law and the parties' arguments, the Court finds that Arguelles's motion is due to be denied.

Arguelles is charged with one count of knowingly possessing and accessing child pornography that depicted, *inter alia*, a prepubescent minor and a minor under 12 years of age, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2).

---

[1] Arguelles has not requested an evidentiary hearing. Moreover, because Arguelles is challenging the validity of a search warrant, the Court may consider only information brought to the issuing judge's attention—that is, information within the "four corners" of the warrant application and supporting affidavit. *Donovan v. Mosher Steel Co*., 791 F.2d 1535, 1537 (11th Cir. 1986) (quoting *Aguilar v. Texas*, 378 U.S. 108, 109 n.1 (1964)) ("It is elementary that in passing on the validity of a warrant, the reviewing court may consider only information brought to the magistrate's attention."). Thus, an evidentiary hearing on the motion to suppress is unnecessary.

Arguelles moves, pursuant to Federal Rule of Criminal Procedure 12(b)(3), for suppression of all images and videos discovered during the execution of a search warrant on his cell phone. Arguelles argues that the affidavit submitted in support of the search warrant application failed to establish probable cause to issue the warrant and that the *Leon* good-faith exception to the exclusionary rule does not apply in this case; therefore, the images and videos found on his cell phone are inadmissible.

## I.     Findings of Fact

On February 27, 2018, the FBI obtained a warrant authorizing the search of an LG Aristo cellular telephone, Model No. LGMS210, belonging to Christopher Arguelles, for evidence of "electronic sexual crimes against children" in violation of 18 U.S.C. § 2252A, which criminalizes the possession, receipt, and transmission of child pornography. *See* Case No. 3:18mj35/CJK, ECF No. 4. The following facts are drawn from FBI Special Agent John W. Canning's affidavit in support of the search warrant.

On or about February 10, 2018, Arguelles brought his cell phone to a MetroPCS store in Pensacola, FL for repairs. A MetroPCS employee, Natasha Cabral, began "going through" Arguelles's cell phone and observed "a large amount of pornographic material." *See* Search Warrant Affidavit, ECF No. 20-1 at 5. According to Cabral, within this material, there were "numerous folders," one of

which was titled "underage." *See id*. Cabral did not open the "underage" folder or otherwise view its contents. Instead, she reported her discovery to the Cyber Tipline of the National Center for Missing and Exploited Children ("NCMEC"). In her report, Cabral described Arguelles's cell phone as an

> LG Aristo cellular telephone, IMEI # 359998-08-745442-9 with SIM # 8901260081993261227F.

Around that same time, an arrest warrant affidavit was filed in state court charging Arguelles, who is a registered sex offender, with failing to report a change in his residence as required by Florida law. The arrest warrant affidavit stated that on December 4, 2017, Arguelles had registered his residence with the Escambia County Sheriff's Office as 3725 Mobile Highway, Room 17, Pensacola, Florida. However, on February 2, 2018, when law enforcement attempted to serve him with a subpoena at that address, they learned that he had vacated the room on January 1, 2018. This was not Arguelles's first violation of the sex offender registration requirements,[2] as the search warrant affidavit in this case also describes two prior arrests for failing to register a residence or to report a change of permanent address.

---

[2] Special Agent Canning's search warrant affidavit inaccurately referred to Arguelles's sex offender registration violations as "probation" violations. The Court considers this discrepancy to be a scrivener's error that does not render the warrant invalid. *See United States v. Snyder*, 471 F. App'x 884, 885-86 (11th Cir. 2012) (affirming denial of motion to suppress where, despite scrivener's error in the defendant's address, the search warrant affidavit's remaining content was sufficient to establish probable cause); *Velardi v. Walsh*, 40 F.3d 569, 576 (2d Cir. 1994) ("Warrants have been upheld despite 'technical errors,' . . . when the possibility of actual error is eliminated by other information."). Arguelles has offered no evidence, or even argument, that the error was knowing and intentional or made with reckless disregard for the truth. *See Franks v.*

On or about February 14, 2018, Arguelles was arrested for failing to report his change in residence and, at the time, an LG Aristo cell phone was found on his person. State law enforcement authorities seized the cell phone and, on February 20, 2018, turned it over to the FBI. Special Agent Canning verified that the cell phone found on Arguelles's person when he was arrested was the same cell phone described in MetroPCS employee Natasha Cabral's NCMEC Cyber Tip.

Special Agent Canning also determined that Arguelles was required to register as a sex offender due to a prior conviction for possession of child pornography in December 2010. That conviction arose from Arguelles's possession of "multiple pornographic images of young children" on a computer. *See* ECF No. 20-1 at 5. Arguelles had asked his roommate to transfer some files, belonging to Arguelles, off a computer and onto an optical disc. While transferring the files, the roommate observed the images, which prompted him to call the Escambia County Sheriff's Office. The Sheriff's Office investigated the incident and determined that the images were, in fact, child pornography.

Based on the above facts, Special Agent Canning stated that he "believe[d] there [was] a fair probability" that child pornography was "concealed" on

---

*Delaware*, 438 U.S. 154, 155-56 (1978) (stating that to void a search warrant affidavit based on alleged false statement, a defendant must show, *inter alia*, that the statement was made "knowingly and intentionally, or with reckless disregard for the truth"). In any event, the possibility of actual error was eliminated by other information in the affidavit, which conveyed that the so-called "probation" violations were actually sex offender registration violations.

Case No. 3:18cr29/MCR

Arguelles's LG Aristo cell phone. *See* Search Warrant Affidavit, ECF No. 20-1 at 7. On the strength of Special Agent Canning's affidavit, the magistrate judge issued a warrant for a search of the cell phone. A forensic review of the cell phone revealed approximately 40 images and/or videos of child pornography in allocated space and 30 images and/or videos of child pornography in the unallocated space on an SD card that was inside the phone, some of which involved prepubescent minors under 12 years of age. The child pornography was organized in a "folder structure," including folders entitled "underage," "underage porn," and "Gallery."

## II.     Discussion

The Fourth Amendment guarantees that "no [w]arrants shall issue, but upon probable cause." U.S. Const. amend. IV. A search warrant is supported by probable cause where the totality of the circumstances described in the accompanying affidavit would justify a prudent person in believing that there is a "fair probability" that contraband or evidence of a crime will be found in the place to be searched. *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *see also United States v. Brundidge*, 170 F.3d 1350, 1352 (11th Cir. 1999). The probable cause inquiry is fluid, requiring an issuing judge to make "practical, common-sense decisions" based on an "assessment of probabilities in particular factual contexts." *Gates*, 462 U.S. at 232, 238. The duty of a reviewing court, such as this one, is "simply to ensure that the [issuing judge] had a substantial basis for . . . conclud[ing] that probable cause existed." *Id.*

at 238-39. In doing so, the reviewing court may consider only "the information brought to the attention of the [issuing judge]," *United States v. Lockett*, 674 F.2d 843, 845 (11th Cir. 1982), which must be evaluated in light of "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act," *Gates*, 462 U.S. at 230-31. Ultimately, an issuing judge's probable cause determination must be given "great deference" and "should be upheld in marginal or doubtful cases." *Lockett*, 674 F.2d at 845.

In this case, given the strong presumption in favor of search warrants, and also the common-sense, nontechnical approach for testing the validity of warrants, the Court finds that the affidavit submitted in support of the search warrant application was sufficient to establish a fair probability that child pornography would be found on Arguelles's cell phone. First, the application and affidavit identify the suspected crime—a violation of the federal child pornography statutes, 18 U.S.C. § 2252A—and state that evidence of that crime may be found on Arguelles's cell phone. Second, the affidavit states that a neutral and objective cell phone repair technician reportedly observed an extensive collection of "pornography" on Arguelles's cell phone, within which there was a separate folder entitled "underage." *See United States v. Meister*, 596 F. App'x 790, 792 (11th Cir. 2015) (computer repair technician's reported discovery of child pornography on a customer's computer may establish probable cause to search the computer); *United States v. Grant*, 490 F.3d

627, 632 (8th Cir. 2007) (same). Taken with Arguelles's sex offender status, which included a prior conviction for possession of child pornography on an electronic device, as well as repeated violations of the sex offender registration requirements, it was fairly probable that the "underage" folder on his cell phone contained pornographic material involving underage children. *See United States v. Schwinn*, 376 F. App'x 974, 978 (11th Cir. 2010) (registered sex offender status stemming from prior conviction for a sex offense with a minor may contribute to a probable cause determination); *United States v. Anderson*, 152 F. App'x 915, 917 (11th Cir. 2005) (probable cause supported search warrant in part because defendant's criminal history involved illegal activities similar to those described in the current affidavit); *United States v. Jiminez*, 224 F.3d 1243, 1249 (11th Cir. 2000) (a defendant's criminal history, in combination with recent investigative information, may provide probable cause for a search warrant).

The fact that the computer repair technician did not look inside the "underage" folder or otherwise verify that the folder did, in fact, contain child pornography, does not preclude a finding of probable cause in this case. To be sure, a detailed description of the folder's child pornographic content certainly would have clarified matters. However, such a description is not required where the totality of the circumstances otherwise support a finding of probable cause. *See United States v. Laplante*, No. 1:15-cr-1, 2016 WL 1714859 (N.D. Fla. Mar. 29, 2016), adopted by

2016 WL 1717187 (Apr. 28, 2016); *see also United States v. Pavulak*, 700 F.3d 651, 661 (3d Cir. 2012) (search warrant is supported by probable cause where the affidavit lacks a detailed description of the alleged images, but provides "some other facts that tie the images" to child pornography); *Grant*, 490 F.3d at 631-33 (affirming probable cause finding based on computer technician's report of having discovered what he believed to be child pornography on defendant's computer). The probable cause standard does not require certainty, a preponderance of the evidence, or even a prima facie showing of criminal activity. *See Gates*, 462 U.S. at 235. Only a "fair probability" of criminality is required to establish probable cause. *Id*. The Court finds that the totality of the circumstances in this case would justify a prudent person in believing that there was a fair probability of finding pornography involving underage children inside the folder entitled "underage," even without visual confirmation of that fact to establish it with certainty; therefore, the search warrant affidavit was sufficient to support a finding of probable cause.

Even assuming, *arguendo*, that the affidavit was insufficient to establish probable cause, the search would be upheld pursuant to the good-faith exception to the exclusionary rule established in *United States v. Leon*, 468 U.S. 897 (1984). In *Leon*, the Supreme Court held that the exclusionary rule does not bar "admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective." *See id*. at 905. The *Leon* good-faith exception

applies in all but four limited sets of circumstances: (1) when the issuing judge was misled by an affidavit containing information the affiant knew, or was reckless in not knowing, was false; (2) when the issuing judge "wholly abandoned his judicial role" in issuing the warrant and merely rubber stamped it; (3) when the affidavit in support of the warrant was "so lacking in indicia of probable cause" that a belief in its existence is objectively unreasonable; and (4) when the warrant is "so facially deficient" that the executing officer could not reasonably presume it to be valid. *Id.* at 923; *see also United States v. Martin*, 297 F.3d 1308, 1313 (11th Cir. 2002). Despite the Supreme Court's admonition that the circumstances where the exceptions to good faith apply will be rare and the threshold for establishing an officer acted in bad faith is high, *see Messerschmidt v. Millender*, 565 U.S. 535, 547 (2012), Arguelles asserts, in a conclusory fashion, that the good-faith exception would not apply in his case. The Court disagrees.

In assessing whether an officer relied in good faith on the validity of a warrant, reviewing courts consider the totality of the circumstances, including any information known to the officer. *See Martin*, 297 F.3d at 1318-19. The inquiry is confined "to the objectively ascertainable question" of whether a "reasonably well trained officer" would have known that probable cause was lacking, despite the issuing judge's authorization. *See Leon*, 468 U.S. at 922 n.23. In this case, there is no evidence, or even argument, that the issuing judge was misled by false

information or that he wholly abandoned his detached and neutral role.  Nor was the warrant "facially invalid" or "so lacking in indicia of probable cause as to render a belief in its existence entirely unreasonable."  *Id*. at 923; *see also Martin*, 297 F.3d at 1313.  To the contrary, as already discussed, the affidavit included sufficient facts to support a reasonable belief that child pornography would be found on Arguelles's cell phone.  Once law enforcement developed this reasonable belief, they did not immediately review the contents of the cell phone.  Instead, they secured the cell phone, presented the available information to a neutral and detached magistrate, and conducted a search of the phone only after obtaining the magistrate's approval.  This is all that the Fourth Amendment and *Leon* require.  Arguelles has offered no countervailing evidence of any bad faith conduct by law enforcement.  The Court thus finds that under these circumstances, even if probable cause were lacking, the executing officers reasonably relied on the warrant and the *Leon* good-faith exception would apply.

Accordingly, Arguelles's Motion to Suppress Evidence, ECF No. 20, is **DENIED**.

**DONE** and **ORDERED**, on this 8th day of May, 2018.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**