UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

vs.  Case Nos.: 3:18cr29/MCR/MAL
3:21cv417/MCR/MAL

CHRISTOPHER MICHAEL ARGUELLES,
    Defendant.

## ORDER and REPORT AND RECOMMENDATION

This matter is before the court upon Defendant Christopher Michael Arguelles' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and supporting memorandum of law.[1] Docs. 89, 90. The Government responded in opposition (Doc. 94) and Defendant filed a reply.[2] Doc. 103. After review of the record and relevant law, the undersigned recommends the § 2255 motion be denied without an evidentiary hearing. *See* Rules Governing Section 2255 Cases 8(a) and (b).

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

[2] By this order, the undersigned will direct the clerk to seal the approximately 400 pages of medical records Defendant submitted with his reply to protect Defendant's privacy.

I.  BACKGROUND

On March 21, 2018, a federal grand jury charged Defendant with knowingly possessing and accessing child pornography involving a prepubescent minor in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). Doc. 1. Defendant was arrested after he sought assistance from a telecommunications provider who, while assisting Defendant with his complaint about slow cellular service, noticed a large amount of pornographic material on the phone, including a folder titled "underage." *See* Doc. 38.

Defendant, represented by A.F.P.D. Thomas Keith, unsuccessfully moved to suppress all images and videos discovered during the execution of a search warrant on his cell phone. Docs. 20, 24. The district court ordered a psychiatric evaluation upon the defense request. Docs. 27-28. The examiner's report, dated August 28, 2018, concluded there was no evidence to indicate Defendant suffered from a mental disorder or defect which would substantially impair his ability to understand the nature and consequences of

the court proceedings against him or to assist properly in his defense. Doc. 30 at 1, 23.[3]

On November 15, 2018, Defendant entered a guilty plea before Magistrate Judge Michael Frank. Docs. 37-41. The district court accepted the guilty plea. Doc. 42.

The Final Presentence Investigation Report ("PSR") concluded Defendant had a Total Offense Level of 28 and a Criminal History Category of VI. Doc. 50. Based on these calculations, the applicable advisory guideline imprisonment range was 140 to 175 months. Doc. 50, PSR ¶ 114. Because Defendant had a previous state conviction for possession of child pornography, he faced a statutory mandatory minimum sentence of ten years' imprisonment. *Id.*, PSR ¶ 113.

The defense filed a motion requesting Defendant be sentenced below the guidelines range to a term of 120 months. Doc. 51. At sentencing, counsel argued that such would be a sufficient sentence considering the 18 U.S.C. § 3553(a) factors. Doc. 66 at 8. Counsel argued that other than a juvenile case

---

[3] One of the examiner's conclusions was that Defendant was exaggerating his symptoms, and he was diagnosed with Malingering. Doc. 30 at 1, 23.

that occurred when Defendant was 16, there was no evidence Defendant had engaged in any other hands-on conduct. Counsel also emphasized Defendant's history and characteristics in terms of the difficulties and trauma he had experienced both as a child, and up to and including residential instability as an adult, which comprised "a pretty sad story." *Id.* at 9. Counsel nonetheless conceded that some of his client's reporting about details of his past sounded "untrue and unbelievable." *Id.* at 12. He concluded by asking the court to consider a variance from the advisory range, particularly if Defendant's federal sentence would run consecutive to the state sentence he was serving for failure to register as a sex offender. *Id.* at 14-15.

Defendant addressed the court and said he knew he needed treatment, and he knew what he did, "re-victimizing the victims," was wrong, especially considering what he had been through as a child. Doc. 66 at 16. He said that he hoped with sex offender treatment, as well as treatment for PTSD and substance abuse, his life could be different. *Id.* Defendant, who appeared in a wheelchair, claimed he had had a seizure that morning, but this was not confirmed. *Id.* at 16, 19. The Assistant United States Attorney noted that law enforcement officials had suggested Defendant "either fakes having seizes

(sic) or discusses having seizures" but there was no evidence that he actually had a seizure. *Id.* at 19.

The court recounted at length and in great detail its concerns about Defendant's history before imposing sentence. Doc. 66 at 23-29. It sentenced Defendant below the midpoint of the applicable range to a term of 150 months, with the sentence to run consecutive to his state court sentence, followed by a life term of supervised release. *Id.* at 29.

Defendant appealed, claiming his sentence was substantively unreasonable. He asserted the court did not give proper weight to his personal history and placed unwarranted weight on his criminal history. Doc. 73. On December 3, 2019, the Eleventh Circuit affirmed the judgment of the district court. It found the within-guidelines sentence was based on the district court's consideration of all the § 3553(a) factors, the sentence accounted for his tragic childhood as well as concerns for public safety, and the sentence was substantively reasonable.

Defendant's unsigned § 2255 motion was postmarked March 2, 2021. Doc. 89 at 7, 23. He raises a single ground for relief. Defendant claims his attorney was constitutionally ineffective because he did not research,

investigate and present argument to the Court that Defendant suffered from reduced mental capacity under U.S.S.G. § 5K2.13. *Id*. at 4. The Government opposes the motion.

## II.  ANALYSIS

A. <u>General Standard of Review</u>

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014). A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). A claim that defense counsel was constitutionally ineffective is properly raised by a § 2255 motion. To prevail on such a claim, a defendant must show both (1) his attorney's representation fell below "an objective standard of reasonableness," and (2) a reasonable probability exists that, but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The petitioner bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of

a *Strickland* claim, and both prongs must be proved to prevail." *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001). The court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa."). *Strickland*'s two-part test also applies to cases involving guilty pleas. *See Carmichael v. United States,* 966 F.3d 1250, 1258 (11th Cir. 2020).

In determining whether counsel's conduct was deficient, a court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Hollis v. United States*, 958 F. 3d 1120, 1122 (11th Cir. 2020) (citation omitted). Reviewing courts "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance."

Page 7 of 16

*Strickland*, 466 U.S. at 689; *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct).

To establish the second prong, prejudice, a defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694; *Jenkins v. Comm'r, Ala. Dep't of Corr.,* 963 F. 3d 1248 (11th Cir. 2020) (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)). In the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

Again, it is a defendant's burden to provide factual support for his contentions regarding counsel's performance. *See Beeman v. United States,* 899 F. 3d 1218, 1218 (11th Cir. 2018); *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are

insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Dale v. United States*, 809 F. App'x 727, 728 (11th Cir. 2020) (citing *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992)). Furthermore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim. *Hollis v. United States,* 958 F.3d 1120, 1124 (11th Cir. 2020) (counsel not constitutionally ineffective for failing to raise meritless objection to use of prior drug convictions as predicate offenses under ACCA); *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)) (counsel not ineffective for failure to raise objection that was counter to the express language of the guidelines commentary); *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313.

This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). It is difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy. *Harrington v. Richter*, 562 U.S. 86, 111 (2011).

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015); *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege "reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Griffith v. United States*, 871 F. 3d 1321, 1329 (11th Cir. 2017). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop*‒*Redin*

*v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004). Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239. Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

B. <u>Defendant's Claim</u>

Defendant claims that his attorney, Mr. Keith, was constitutionally ineffective "when he failed to research, investigate, pursue and/or argue reduced mental capacity." Doc. 89 at 4. He asserts Mr. Keith was well informed of Defendant's mental and emotional disorders and had direct access to 9000 pages of medical and mental health records as well as "criminal case records, DCF records and other records." *Id.* Defendant complains that counsel never specifically argued at sentencing that Defendant suffered from "reduced mental capacity." *Id.* Defendant asserts he "was entitled to leniency in his sentence due to a multitude of mitigating factors and the fact at the time of the instant offense he was suffering from reduced mental capacity" as contemplated by U.S.S.G. 5K2.13. Doc. 90 at 5.

Section 5K2.13 of the Sentencing Guidelines provides guidance for sentencing defendants with "diminished capacity." This section is a Policy Statement, rather than an actual guideline. Section 5K2.13 provides in pertinent part:

> A downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense. Similarly, if a departure is warranted under this policy statement, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense.

U.S.S.G. § 5K2.13. As relevant to this case, the policy statement also provides that the court:

> *may not depart* below the applicable guideline range if … (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public; or (4) the defendant has been convicted of an offense under chapter 71, 109A, 110 or 117 of title 18, United States Code.

U.S.S.G. § 5K2.13 (emphasis added).

The district court's remarks at sentencing made clear its belief that not only a significant term of incarceration but also a life term of supervised release were necessary to protect the public. Doc. 66 at 23-29.

More significantly, Defendant was charged in this case with violating 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). Doc. 1. These statutes fall under Chapter 110 of Title 18, United States Code, and are categorically ineligible for a diminished capacity downward departure. Therefore, regardless of Defendant's mental capacity, he would not have been eligible for a departure under the plain language of U.S.S.G. §5K2.13.

Furthermore, despite Defendant's lack of eligibility for a formal "downward departure" under § 5K2.13, defense counsel made repeated references to Defendant's mental health in both his written and oral arguments for a minimum mandatory sentence. Doc 49, 51, 66 at 8-14. The court had before it the detailed recent psychological evaluation and information about Defendant's mental health set forth in the PSR, information it weighed when determining an appropriate sentence. *See* Doc. 30, Doc. 50 at ¶¶ 80-85 Doc. 66 at 23-32. As it imposed sentence, the court stated "there is a part of me that feels like I should give you the maximum because it's the most I can do to protect the community." Doc. 66 at 29.

Given the record as a whole, Defendant has not shown that counsel's performance was constitutionally deficient under *Strickland*. Counsel was not

constitutionally ineffective for not making the meritless argument that Defendant should receive a departure under § 5K2.13 to which he was not entitled. Furthermore, there is nothing in the record suggesting the district court would have given him a lesser sentence had counsel attempted to present the voluminous medical history Defendant submitted with his reply.

### III.   CONCLUSION

An evidentiary hearing is not necessary to resolve Defendant's claims because "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877. Based on the foregoing, the court finds that Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be denied.

### IV.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be

filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED:**

The Clerk is directed to seal the exhibits to Defendant's Reply to Response (Doc. 103).

And it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (ECF No. 89) be **DENIED**.

2.   A certificate of appealability be **DENIED**.

At Gainesville, Florida on January 17, 2023.

>   s/ *Midori A. Lowry*
>   Midori A. Lowry
>   United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>   An objecting party must serve a copy of its objections on all other parties.   A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.